UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

ROY M. SMITH, Commissioner,
State of West Virginia, Division
of Labor, on behalf of EVA WHITE,

        Plaintiff

v.                              Civil Action No. 2:93-1191

BLUESTONE COAL CORPORATION and
JAMES C. JUSTICE, individually,

        Defendants

ENTERED JAN 26 1994 ORDER BOOK

## TIME FRAME ORDER

**NOTICE TO COUNSEL**

Effective December 1, 1993, Rule 16(b), Federal Rules of Civil Procedure, is **AMENDED** to require a judge entering a TIME FRAME ORDER to take no such action until after either (1) receiving a report from the parties under Rule 26(f), as amended, which outlines in detail the parties' proposed plan of litigation in the case, or (2) consulting with the attorneys for the parties and any unrepresented parties by a scheduling conference, telephone, mail, or other suitable means.

The following **TIME FRAME ORDER** transmitted <u>by mail</u> represents an effort by the judicial officers of this district to comply with the requirements of Rules 16(b) and 26(f), FRCvP, as amended, pending imminent revision of the Local Rules of Practice, to accommodate the amendments to the Federal Rules of Civil Procedure with the Civil Justice Reform Act Plan adopted by the court December 30, 1991.

IF COUNSEL OR ANY UNREPRESENTED PARTY DOES NOT AGREE WITH THIS PROCEDURE, PENDING ACTION TO COMPLY FULLY WITH THE CIVIL RULES AMENDMENTS, THAT COUNSEL OR PARTY MUST REQUEST OF THE JUDGE ENTERING THIS ORDER A SCHEDULING CONFERENCE OR OTHER SUITABLE MEANS WITHIN TEN (10) DAYS OF THE ENTRY OF THIS ORDER.

Pursuant to Rule 16(b) of the Federal Rules of Civil Procedure, as amended effective December 1, 1993, and the Local Rules of this district, it is **ORDERED** as follows:

1. Joinder and Amendments. Joinder of any party other than those named in the complaint, the filing of any cross-claim or counterclaim and reply, and any amendment by any party of any pleading shall be fully effected by February 28, 1994.

2. Rule 12(b) Motions. Motions filed under Rule 12(b) of the Federal Rules of Civil Procedure, together with supporting briefs, memoranda, affidavits or other such matter in support thereof, shall be filed by February 28, 1994. All motions unsupported by memoranda will be denied without prejudice pursuant to Local Rule 2.03.

3. Extrajudicial Procedures. All requests or recommendations concerning the use of extrajudicial proceedings to resolve or settle this case must be filed by February 28, 1994. These methods may include, but are not limited to, arbitration, mediation, court-appointed experts, special masters, and summary jury proceedings.

4. Discovery. All discovery requests shall be completed by May 2, 1994. "Completed" means that all discovery, objections, motions to compel and all other motions and replies relating to discovery in this action must be filed and/or noticed

2

in time for the party objecting or responding to have opportunity under the Federal Rules of Civil Procedure to make responses.

    5. <u>Summary Judgment and Other Dispositive Motions</u>. All dispositive motions, except those under Rule 12(b) of the Federal Rules of Civil Procedure (see paragraph 2 above), together with depositions, admissions, documents, affidavits or other such matter in support thereof, shall be filed by May 23, 1994, with responses due by June 6, 1994, and replies due by June 13, 1994. Any motion and response must be supported by a memorandum at the time filed or submitted.

    6. <u>Pre-Trial Order</u>. Counsel are responsible for the submission of a proposed pre-trial order as follows: Counsel for plaintiff shall prepare and complete his portion by July 7, 1994, and shall submit it to counsel for defendants, who shall prepare and complete their portion thereof and then submit the integrated proposed order, signed by all counsel, to the Court for entry no later than July 14, 1994.

    7. <u>Proposed Charges to the Jury</u>. Proposed jury instructions in narrative or charge form on substantive theories of recovery or defense, on damages and on evidentiary matters peculiar to the case, and special interrogatories, if any be appropriate to the case, requested by counsel for submission to the jury shall be exchanged by counsel and submitted to the Clerk by August 15, 1994.

8. <u>Pre-Trial Conference</u>. A pre-trial conference shall be held at 1:15 p.m. on July 28, 1994, at which lead trial counsel shall appear fully prepared to discuss all aspects of the case.

During no later than the ten-day period prior to the conference, the parties and their lead trial counsel shall meet and conduct negotiations looking toward the settlement of the action, and counsel will be prepared at the conference to certify that they have done so. Lead trial counsel for the plaintiff shall take the initiative in scheduling such meeting, and all other counsel shall cooperate to effect such negotiations.

9. <u>Trial</u>. Trial of this action shall be held at 9:30 a.m. on August 29, 1994, in the United States Courthouse, at Charleston.

10. <u>Failure to Appear or Negotiate</u>. Should lead trial counsel fail to appear at any pre-trial conference or otherwise fail to meet and confer in good faith with opposing counsel as required in paragraph 8 above, or should a party or his authorized representative fail to appear or be available at any conference or otherwise fail to meet and confer in good faith as required in paragraph 8 above, appropriate sanctions may be imposed, including, but not limited to, sanctions by way of imposition of attorney fees against the attorney and/or his

4

client pursuant to Rule 16(f) of the Federal Rules of Civil Procedure.

11. *Changes in Above Times*.  Should counsel for any party desire any change in any of the time limitations hereinabove designated, such counsel may move for modifications thereof within 21 days after the date hereof.  Absent any such motion, the time limitations set forth above shall not be altered except upon showing of good cause and by order of the court.

All proceedings shall be held by the court at the United States Courthouse, 500 Quarrier Street, Charleston, West Virginia.

The Clerk is directed to forward copies of this order to all counsel of record.

DATED: JAN 2 6 1994

JOHN T. COPENHAVER, JR.
United States District Judge